PIERCE v. EVANS *et al.*

1. **Trover:** ESTOPPEL OF PLAINTIFF. Where, pending an action of trover for personal property, the plaintiff sells it to the vendee of defendant in the action, he will thereby be deprived of his right to recover its value.

2. **Municipal corporation:** CONFINEMENT OF ESTRAYS. That the city marshal, after taking up a beast under an ordinance against estrays, took it for keeping to a pound outside the corporate limits, will not render him liable for conversion.

*Appeal from Blackhawk Circuit Court.*

SATURDAY, JUNE 7.

ACTION at law to recover the value of a mare which plaintiff alleges was, while his property, taken and converted to defend-

ant's use; damages in the sum of $100 are also claimed by plaintiff which resulted from the taking and converting of the property by defendant. There was a trial resulting in a verdict and judgment for plaintiff. Defendant appeals.

*Miller & Preston* for the appellant.

*Hewitt & Dodge* for the appellee.

BECK, Ch. J. — An officer of the city of Waterloo took up the mare of plaintiff, which he found in the city, in obedience to an ordinance prohibiting stock from running at large within the city limits. The mare was kept by the city authorities in a yard provided by the marshal of the city, outside of the boundaries, for impounding stock found running at large in violation of the ordinance. The defendant Evans, who was at the time city marshal, sold the mare in obedience to and under the provisions of the ordinance to one Mesick. No question is made as to the regularity of the marshal's proceedings under the ordinance, except that the pound in which the mare was kept, prior to the sale, was not within the city limits. This fact, as will be hereafter seen, was regarded as a ground of objection to the marshal's jurisdiction in selling the property.

The city of Waterloo and the deputy of the marshal were joined as defendants.

After the action was commenced, plaintiff sold the mare to Mesick, who had purchased it at the marshal's sale and received payment therefor. Plaintiff agreed to assign whatever judgment he should recover in the case to Mesick, but no assignment of the claim was made to him.

I. The action, it will be remembered, is for the conversion of the property, the recovery of its value with damages resulting from the act of defendant in taking and converting it to his own use. But plaintiff had, prior to the trial, sold the property and recovered its value from the purchaser at the marshal's sale. The act of selling and the act of the purchaser at the marshal's sale, in buying from plaintiff, must be regarded as

operating to restore the possession of the property to plaintiff at the time of the transaction. The law presumes that he acquired the possession of the mare and transferred it with his title by the sale to Mesick. Under these circumstances, he was not entitled to recover in this action the value of the property. The seventh instruction given by the court to the jury announces a different rule; it is, therefore, erroneous. It must be remembered in this connection that the transaction between plaintiff and Mesick was a sale of the property, not a transfer of plaintiff's right of action.

II. The court instructed the jury that the fact of the pound being out of the city limits, took the property out of the jurisdiction of the marshal, and that his detention and sale therof was, therefore, wrongful, and he was liable as a trespasser. This instruction is also erroneous. The marshal acquired jurisdiction to take up and sell the mare under the ordinance. After taking the property, in the absence of any requirement of the law or ordinance to the contrary, he could keep it in any proper place to await further action required by the ordinance. The property was in his custody, and for its safe, keeping he was responsible. We know of no principle of law that required him to keep it within the city limits. It may be true that he had no jurisdiction to seize it without the city, but when lawfully taken and lawfully in his possession, he could keep it in whatever place he might provide for that purpose, being responsible for its safety to its owner and the city.

Reversed.